# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARTE USA HOLDINGS, INC., a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BERGDORF GOODMAN LLC, a Delaware Limited Liability Company, T.J. MAXX, Inc., a Massachusetts Corporation, MARSHALLS OF MA, INC., a Massachusetts Corporation, YNAP CORPORATION, a Delaware Corporation, PENNEY OPCO LLC, a Virginia Limited Liability Company, PERSONALIZED BEAUTY DISCOVERY, INC., a Delaware Corporation,<br><br>　　　　　　Defendants. | Case No.: 1:24-cv-00883-AS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) AND 12(B)(2) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Dated:  March 15, 2024

Respectfully Submitted,

*/s/ Thomas M. Williams*
Robert E. Shapiro (NY Bar No. 5730528)
Thomas M. Williams (admitted *pro hac vice*)
　*Lead Trial Counsel
Connor T. Gants (admitted *pro hac vice*)
Carmel I. Dooling (admitted *pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Ph: (312) 984-3100
Fx: (312) 984-3150
rob.shapiro@bfkn.com
tom.williams@bfkn.com
connor.gants@bfkn.com
carmel.dooling@bfkn.com

**Attorneys for Defendants**

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

I.   PRELIMINARY STATEMENT ................................................................. 1

II.   RELEVANT FACTUAL BACKGROUND ............................................... 2

   A.   The California Litigation. ............................................................... 2

   B.   Amarte Files the Instant Action. ................................................... 4

   C.   The S.D.N.Y. Defendants. .............................................................. 5

      1.   The PBD, JCP, and YNAP Defendants. ................................ 5

      2.   The Bergdorf Defendant. ...................................................... 5

      3.   The TJX Defendants (TJM and Marshalls). ........................... 6

III.   LEGAL STANDARD ........................................................................... 7

IV.   ARGUMENT ....................................................................................... 8

   A.   Amarte's Claims Are Barred Under Principles of Res Judicata. .................................. 8

      1.   The California Orders Were Final Judgments on the Merits By A Court Of Competent Jurisdiction. ................................................ 8

      2.   The Causes of Action are the Same. ..................................... 9

      3.   The Parties Are Identical Or In Privity. ............................... 11

         a.   The JCP, YNAP, PBD, and Bergdorf Parties Are Identical......................... 11

         b.   The TJX Parties Are In Privity. ................................... 11

   B.   Amarte Fails to State "New" Claims for Counterfeiting or Section 349. .................... 12

      1.   Amarte Fails to Allege a Counterfeiting Claim. ................... 12

      2.   Amarte Fails to State a Claim Under Section 349. .............. 14

   C.   Amarte Fails to Plausibly Allege that TJX, JCP, or PBD Are Subject to Personal Jurisdiction in this Forum. ..................... 15

      1.   Amarte Fails to Plead that JCP is Subject to Personal Jurisdiction. ................... 16

      2.   Amarte Fails to Plead that PBD is Subject to Personal Jurisdiction. .................... 16

      3.   Amarte Fails to Plead that TJX is Subject to Personal Jurisdiction. ..................... 18

      4.   Amarte Cannot Establish Specific Jurisdiction Based on Websites. ................... 19

V.   CONCLUSION ................................................................................... 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amarte v. Kendo Holdings Inc., et al.*,
No. 22-CV-08958-CRB ................................................................... *passim*

*Andrews v. Sony/ATV Music Publ'g, LLC*,
2017 WL 770614 (S.D.N.Y. Feb. 24, 2017) ...........................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................7

*Berrios v. N.Y.C. Hous. Auth.*,
564 F.3d 130 (2d Cir. 2009) .................................................................................9

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016) ...............................................................................15

*Carter v. City of New York*,
2012 WL 1034914 (S.D.N.Y. Mar. 23, 2012) .......................................................8

*Chanel, Inc. v. RealReal, Inc.*,
449 F. Supp. 3d 422 (S.D.N.Y. 2020) .................................................................14

*Chevron Corp. v. Salazar*,
807 F.Supp.2d 189 (S.D.N.Y. 2011) .....................................................................6

*Coty Inc. v. Excell Brands, LLC*,
277 F. Supp. 3d 425 (S.D.N.Y. 2017) .................................................................14

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ...........................................................................................15

*Davey v. PK Benelux B.V.*,
2022 WL 1289341 (S.D.N.Y. Apr. 29, 2022) ......................................................20

*DeCoursey v. Murad, LLC*,
2023 WL 3478459 (N.D.N.Y. May 16, 2023) .................................................15, 16

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
822 F.2d 1242 (2d Cir. 1987) ............................................................................5, 6

*Doron Precision Sys., Inc. v. FAAC, Inc.*,
   423 F. Supp. 2d 173 (S.D.N.Y. 2006)......................................................................6

*EFCO Corp. v. U.W. Marx., Inc.*,
   124 F.3d 394 (2d Cir. 1997).....................................................................................8

*Esquire Trade & Fin., Inc. v. CBQ, Inc.*,
   562 F.3d 516 (2d Cir. 2009)......................................................................................8

*Fernandez v. Zoni Language Ctr., Inc.*,
   2016 WL 2903274 (S.D.N.Y. May 18, 2016) ..........................................................6

*First Reliance Standard Life Ins. Co. v. Giorgio Armani Corp.*,
   2020 WL 3000385 (S.D.N.Y. June 4, 2020) ............................................................9

*GMA Accessories, Inc. v. BOP, LLC*,
   765 F. Supp. 2d 457 (S.D.N.Y. 2011)....................................................................13

*Green Materials of Westchester v. Town of Cortlandt*,
   2015 WL 9302838 (S.D.N.Y. Dec. 21, 2015) ..........................................................8

*Grupo Gigante SA de CV v. Dallo & Co., Inc.*,
   391 F.3d 1088 (9th Cir. 2004) ................................................................................10

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*,
   277 F. Supp. 2d 269 (S.D.N.Y. 2003).....................................................................15

*Harding v. Paramount Pictures*,
   2013 WL 174401 (S.D.N.Y. Jan. 16, 2013) ...........................................................12

*Illinois Tool Works Inc. v. J-B Weld Co., LLC*,
   469 F. Supp. 3d 4 (D. Conn. 2020)...................................................................13, 14

*Jefftex Int'l Ltd. v. JPI Trading Corp.*,
   2009 WL 750198 (S.D.N.Y. Mar. 20, 2009), *aff'd*, 369 F. App'x 303 (2d Cir.
   2010) .........................................................................................................................9

*Johnson v. UBS AG*,
   791 Fed. App'x 240 (2d Cir. 2019)..........................................................................15

*JSC Sec., Inc. v. Gebbia*,
   4 F. Supp. 2d 243 (S.D.N.Y. 1998) ........................................................................12

*Kelly-Brown v. Winfrey*,
   717 F.3d 295 (2d Cir. 2013).....................................................................................14

*Kraus USA, Inc. v. Magarik*,
   2019 WL 4744772 (S.D.N.Y. Sept. 30, 2019).........................................................12

*Levin v. Chase Manhattan Bank Corp.*,
  1999 WL 669261 (E.D.N.Y. Aug. 24, 1999) ........................................................................11

*Lightfoot v. Cendant Mortg. Corp.*,
  580 U.S. 82 (2017) .................................................................................................................9

*Lugones v. Pete and Gerry's Organic, LLC*,
  440 F. Supp. 3d 226 (S.D.N.Y. 2020) ....................................................................................7

*Mahmood v. Rsch. in Motion Ltd.*,
  905 F. Supp. 2d 498 (S.D.N.Y. 2012), *aff'd*, 515 F. App'x 891 (Fed. Cir.
  2013) .....................................................................................................................................11

*Monahan v. New York City Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000) .................................................................................................10

*NuMSP, LLC v. St. Etienne*,
  462 F. Supp. 3d 330 (S.D.N.Y. 2020) ....................................................................................7

*One Hanover, LLC v. Witkoff Group LLC*,
  2023 WL 3304026 (S.D.N.Y. 2023) .....................................................................................14

*Ortiz v. Wagstaff*,
  523 F. Supp. 3d 347 (W.D.N.Y. 2021) ............................................................................18, 19

*Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*,
  460 F. Supp. 3d 481 (S.D.N.Y. 2020) ....................................................................................9

*RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*,
  2015 WL 5008762 (S.D.N.Y. Aug. 24, 2015) ......................................................................14

*Rendon v. Berry Glob. Inc.*,
  2023 WL 3724795 (S.D.N.Y. May 30, 2023) .........................................................................6

*Thompson v. Cnty. of Franklin*,
  15 F.3d 245 (2d Cir. 1994) .....................................................................................................7

*Van Praagh v. Gratton*,
  993 F. Supp. 2d 293 (E.D.N.Y. 2014) ..................................................................................10

*Walker Wear LLC v. Off-White LLC*,
  624 F. Supp. 3d 424 (S.D.N.Y. 2022) ..................................................................................15

*Wenger S.A. v. Olivet Int'l, Inc.*,
  2024 WL 36864 (S.D.N.Y. Jan. 3, 2024) .............................................................................13

**Statutes**

15 U.S.C. § 1114(1) ......................................................................................................................10

15 U.S.C. § 1125(a) .................................................................................................................10

N.Y. Gen. Bus. Law § 349 ............................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 8 .......................................................................................................................3

Fed. R. Civ. P. 12(b)(2) ...........................................................................................................7

Fed. R. Civ. P. 12(b)(6) ................................................................................................. *passim*

Fed. R. Evid. 201(c)(2) ............................................................................................................6

## I.    PRELIMINARY STATEMENT

This lawsuit is a blatant and legally impermissible end-around by Plaintiff Amarte USA
Holdings, Inc. ("Amarte") to circumvent rulings by Judge Breyer in the Northern District of
California.  In *Amarte v. Kendo Holdings Inc., et al.*, No. 22-CV-08958-CRB (the "California
Litigation"), Judge Breyer denied Amarte's multiple motions to amend its complaint to add each
of the parties named as defendants in the present S.D.N.Y. action (collectively, "Defendants"), or
their privies, as parties to its long-pending lawsuit.  Dissatisfied with those rulings, Amarte now
seeks to revive those claims in this Court.

As in the California Litigation, Amarte alleges that Defendants infringed its "Eyeconic"
trademark used in connection with an anti-wrinkle cream by selling Marc Jacobs Beauty Eye-
Conic ("MJB Eye-Conic") eye shadow.  As Amarte's own First Amended Complaint ("FAC")
shows, these allegedly "counterfeit" goods are markedly different. (FAC, ECF No. 43, ¶ 47):



Judge Breyer rejected Amarte's amendments on futility grounds, holding that they failed
to state a claim against Defendants.  Having failed in the California Litigation, Amarte now runs
to this forum to pursue the *very same claims*. This runs afoul of basic *res judicata* principles,
which bar such attempts to relitigate previously decided claims.  To the extent Amarte purports
to add "new" claims, they are merely repackaged trademark allegations that fail on other

pleading defects.  Finally, Amarte has also failed to plausibly allege personal jurisdiction as to

several Defendants.  Amarte's lawsuit must therefore be dismissed.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    The California Litigation.

Amarte commenced the California Litigation in 2022, asserting claims for trademark

infringement and unfair competition under federal and state law based on its Eyeconic

trademark.  (*See* Cal. Litig., ECF No. 1.)  Amarte uses the mark in connection with its "anti-

wrinkle topical cream." (*id.*, ¶ 15.)  Amarte alleged that the California Litigation defendants

infringed its mark by selling dramatically colored "cosmetic multi finish eye shadow palette[s]"

(*id.*, ¶ 21) under the MJB Eye-Conic mark.

None of the present S.D.N.Y. Defendants were named in the original California

complaint.  Nor were they named in Amarte's proposed First Amended Complaint filed in

California, which sought leave to add as parties parent entities listed on corporate disclosures

filed by the original defendants.  (*See* Cal. Litig., ECF No. 52-1.)  But before Amarte's first

motion to amend was heard, Amarte filed a proposed Second Amended Complaint seeking to

add 10 additional retailers as defendants.  (*See* Cal. Litig., ECF No. 66-1.)  Among these

proposed defendants were The TJX Companies, Inc. ("TJX"), Penny OpCo LLC ("JCP"), YNAP

Corporation ("YNAP"), Personalized Beauty Discovery, Inc. ("PBD"), and Bergdorf Goodman

LLC ("Bergdorf").  (*Id.*, ¶¶ 16, 20, 21, 22, 24.)  Amarte lumped them together as the defined

term "Defendants," and alleged the "Defendants" infringed their Eyeconic mark by selling the

MJB Eye-Conic eye shadow.  (*Id.*, ¶¶ 26–27, 37–38, 51–58.)

On August 21, 2023, Judge Breyer denied both motions for leave to amend.  (Cal. Litig.,

("1st Cal. Order") ECF No. 72.)  His Order stated that "to determine whether an amendment is

futile, courts apply the same standard applied to a motion to dismiss under Rule 12(b)(6)." (*Id.* at 2.) He first explained that the allegations against the parent corporations "plainly do[] not meet the requirements of Rule 8" (*id.* at 3), before adding that "the allegations against the Retailer Defendants," a term that included all S.D.N.Y. Defendants here, "fare no better." (*Id.* at 5.) Amarte failed to plausibly allege that Defendants had infringed Amarte's mark. (*Id.*) The Court denied those motions without prejudice, warning that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id.* at 6.)

Amarte tried again. In its Third Proposed Complaint, it sought to assert the same trademark infringement and related claims against all the S.D.N.Y. Defendants, except conspicuously declining the opportunity to re-plead claims against Bergdorf. (Cal. Litig., ECF No. 73-1, ¶¶ 8–10, 12.) On December 4, 2023, Judge Breyer again denied Amarte's attempt to assert trademark infringement claims against TJX, JCP, YNAP, and PBD. He explained that "Amarte's proposed allegations are insufficient to plausibly allege infringement by the Proposed Defendants, and thus its proposed amendment would be futile." (Cal. Litig., ECF No. 96 ("2d Cal. Order") at 14.) He observed that the Third Proposed Complaint "does not allege new facts, nor does it provide additional clarity as to each Proposed Defendant's allegedly infringing conduct. Rather, Amarte used the same insufficient pleading from its Second Proposed Amended Complaint and simply disaggregated each individual defendant." (*Id.*)

Notably, Judge Breyer did not rule on other arguments against leave to amend: he did not rule on personal jurisdiction grounds; timeliness; nor good faith. The sole basis for his ruling was his finding that Amarte's "proposed amendment would be futile" as to the proposed trademark claims. (*Id.*) Judge Breyer then made clear that his ruling was final: "Since this is

Amarte's third motion for leave to amend, the Court DENIES the motion with prejudice for 'repeated failure to cure deficiencies by amendment previously allowed.'" (*Id.*)

### B.     Amarte Files the Instant Action.

Undaunted, Amarte filed this action in the Southern District of New York on February 7, 2024 (ECF No. 1), two months after Judge Breyer's Order.  All of the Defendants remaining here were either named directly or are in privity with those named in the rejected amendments in the California Litigation.[1]

Amarte's FAC is based on the very same facts as those at issue in the California Litigation, namely, allegations that the MJB Eye-Conic eye shadow infringed Amarte's Eyeconic mark.

| Allegation in Cal. Litig. Second Proposed Complaint (Cal. Litig., ECF No. 66-1) | Allegation in Cal. Litig. Third Proposed Complaint (Cal. Litig., ECF No. 73-1) | Allegation in S.D.N.Y. FAC (ECF No. 43) |
|---|---|---|
| "Defendants use or have used Defendants' EYE-CONIC Mark in connection with a cosmetic multi finish eye shadow palette ("Infringing Goods"). ¶ 38 | "Defendants use or have used Defendants' EYE-CONIC Mark in connection with a cosmetic multi finish eye shadow palette ("Infringing Goods"). ¶ 32 | "Defendants have used the Infringing Mark in connection with advertising, marketing, promoting, selling, and/or offering for sale a cosmetic eye shadow palette ("Infringing Goods"). ¶ 29 |
| "Defendants Bergdorf, . . . PBD, JCP, YNAP, . . . [and] TJX . . . sell, advertise, market, and promote the Infringing Goods bearing Defendants' EYE-CONIC Mark on their respective websites, social media platforms, other advertising media, in their retail locations nationwide, . . . or otherwise direct their infringing | "Defendant [ ] has advertised, marketed, promoted, sold and/or has offered for sale the Infringing Goods bearing Defendants' EYE-CONIC Mark on the [Defendant] Website and on information and belief, its retail stores located in California and this judicial district as a direct seller to residents of California through the regular | "[Defendant] has advertised, marketed, promoted, sold and/or has offered for sale Infringing Goods bearing the Infringing Mark on the [Defendant] Website, on its social medial platforms, and in its retail stores nationwide, including retail stores in this judicial district." ¶ 37 (*See also* ¶¶ 31, 33, 35, 39.) |

---

[1] Amarte removed defendants Voxpop, Inc. (upon filing the FAC, ECF. No. 43) and Eau De Luxe, Ltd. (by voluntary dismissal, ECF No. 54).

| activities in this judicial district, or have done so in the past." ¶ 51 | course of business. . . ." ¶ 41 (*See also* ¶¶ 40, 42, 44.) | |
|---|---|---|
| "As a direct competitor of Amarte, Defendants are using or have used Defendants' EYE-CONIC Mark in connection with the promotion, distribution, marketing, and sale of the Infringing Goods to the same consumers and in overlapping channels of trade in the United States." ¶ 52 | "As a direct competitor of Amarte, Defendants are using or have used Defendants' EYE-CONIC Mark in connection with the promotion, distribution, marketing, and sale of the Infringing Goods to the same consumers and in overlapping channels of trade in the United States." ¶ 45 | "As direct competitors of Amarte, Defendants have used the Infringing Mark in connection with the promotion, distribution, marketing, and sale of the Infringing Goods to the same consumers and in overlapping channels of trade in the United States." ¶ 43 |

And Amarte seeks substantially similar relief, asserting claims for trademark violations under the Lanham Act and related state laws. (*Compare* Cal. Litig., ECF No. 66-1, ¶¶ 66–100 & ECF No. 73-1, ¶¶ 59–93 *with* FAC, ¶¶ 56–100.)

### C.   The S.D.N.Y. Defendants.

#### 1.   The PBD, JCP, and YNAP Defendants.

Amarte sought leave to amend the California Litigation to add Defendants JCP, YNAP, and PBD in two separate amended complaints. (*See* Cal. Litig., ECF No. 66-1, ¶¶ 20–22; ECF No. 73-1, ¶¶ 8–10.) Judge Breyer denied leave to amend, with prejudice, on futility grounds. (*See* 1st Cal. Order at 5; 2d Cal. Order at 13–14.)

#### 2.   The Bergdorf Defendant.

Amarte sought leave to amend to add Bergdorf as a defendant in the California Litigation. (Cal. Litig., ECF No. 66-1, ¶ 16.) Judge Breyer denied this motion without prejudice, allowing Amarte another opportunity to plead claims against Bergdorf. (1st Cal. Order at 6.) Amarte declined to do so, omitting Bergdorf from its subsequent motion to amend. (*See generally* Cal. Litig., ECF No. 73-1.) Under Second Circuit law, if a plaintiff is given leave to replead and declines to do so, the claim is waived. *DiVittorio v. Equidyne Extractive Indus.*,

*Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).  Therefore, Judge Breyer's ruling becomes dispositive and Amarte has waived its trademark claims against Bergdorf.  *Id.*; *see also Andrews v. Sony/ATV Music Publ'g, LLC*, 2017 WL 770614, at \*2 (S.D.N.Y. Feb. 24, 2017).  In addition, the parent company of Bergdorf is The Neiman Marcus Group, LLC[2] ("NMG").  NMG is currently a party to the California Litigation.  (*See* Cal. Litig., ECF No. 1.)

### 3.    The TJX Defendants (TJM and Marshalls).

Amarte's FAC asserts claims against T.J. Maxx, Inc. ("TJM") based on MJB Eye-Conic sales at retailer T.J. Maxx.  (FAC, ¶ 4.)  However, TJM no longer exists.  Through a series of transactions, it was ultimately merged into The TJX Companies, Inc. ("TJX") in 1987.  (*See, e.g.*, Cal. Litig., ECF No. 131, Ex. 2 (attaching Articles of Merger).)[3]  As a result, in some cases where a plaintiff erroneously names TJM as a defendant, TJX has substituted.  (*See id.* at Ex. 3 (attaching motion to substitute TJX as the proper defendant in lieu of TJM from different case).)[4]

Amarte asserts claims against Marshalls of MA, Inc. ("Marshalls") based on its alleged sales of MJB Eye-Conic at retailer Marshalls.  (FAC, ¶ 5.)  Marshalls is a wholly owned subsidiary of TJX.[5]  (*See* Cal. Litig., ECF No. 131, Ex. 4 (corporate disclosure statement of

---

[2] NMG's corporate website describes Bergdorf as "part of Neiman Marcus Group."  *See* https://www.neimanmarcusgroup.com/our-brands.  The Court may take judicial notice of "information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination."  *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (quotations omitted); *see also Fernandez v. Zoni Language Ctr., Inc.*, 2016 WL 2903274, at\*3 (S.D.N.Y. May 18, 2016).

[3] The Articles of Merger are also available at: https://corp.sec.state.ma.us/corpweb/corpsearch/CorpSearch.aspx.  The Court may take judicial notice.  *See Chevron Corp. v. Salazar*, 807 F.Supp.2d 189, 193 n.5 (S.D.N.Y. 2011) (taking judicial notice of a certificate of merger).

[4] "On a motion to dismiss, a Court may take judicial notice of court filings and other matters of public record."  *Rendon v. Berry Glob. Inc.*, 2023 WL 3724795, at \*6, n.4 (S.D.N.Y. May 30, 2023) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) and Fed. R. Evid. 201(c)(2)).

[5] TJX's website describes acquiring Marshalls in 1995.  *See* https://www.tjx.com/company/history. As a result, references to TJX in this Motion refer to TJX and Marshalls, collectively.

Marshalls).)  As a result, it is in privity with TJX for *res judicata* purposes.  (*See infra* at Section IV.A.3.b.)

In its briefing in the California Litigation, Amarte conceded that "TJX is the parent owner of retailers TJ Maxx [and] Marshalls."  (Cal. Litig., ECF No. 138 at 15.)  Judge Breyer denied leave to add TJX to the California Litigation, with prejudice.  (2d Cal. Order at 13–14.)

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

When a defendant files a Rule 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing personal jurisdiction over the defendant."  *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)).  The court must determine that a defendant has "sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant." *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 234 (S.D.N.Y. 2020) (quoting *Johnson v. UBS AG*, 791 Fed. App'x 240, 242 (2d Cir. 2019)).

## IV.     ARGUMENT

### A.     Amarte's Claims Are Barred Under Principles of *Res Judicata*.

Amarte already attempted to assert trademark claims based on Defendants' alleged sales of MJB Eye-Conic.  Twice, Amarte failed to state a claim, or, as to Bergdorf, elected to abandon its attempt.  The second time, Judge Breyer held that enough was enough, and denied Amarte's motion *with prejudice*.  Amarte's decision to file in this Court indicates that it knows any attempt to refile these same claims in the California Litigation would *at a minimum* yield a prompt rejection, if not further consequences. This lawsuit is nothing more than a ham-fisted attempt to evade the California Orders.

The doctrine of *res judicata* bars Amarte from attempting to relitigate those same claims in this forum. Under *res judicata*, a party cannot pursue its claims if there was previously (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) involving the same cause of action, (4) in a case involving the same parties or their privies.  *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009).  The California Orders satisfy all of these criteria.

#### 1.   The California Orders Were Final Judgments on the Merits By A Court Of Competent Jurisdiction.

Courts have consistently recognized that orders denying leave to amend constitute a final judgment on the merits for *res judicata* purposes. *EFCO Corp. v. U.W. Marx., Inc.*, 124 F.3d 394, 400 (2d Cir. 1997) (denial of leave to amend has *res judicata* effect); *Carter v. City of New York*, 2012 WL 1034914, at *3 (S.D.N.Y. Mar. 23, 2012) ("A denial of leave to amend on grounds of futility, based on an evaluation that the new allegations could not survive a motion to dismiss, is a judgment on the merits."); *Green Materials of Westchester v. Town of Cortlandt*, 2015 WL 9302838, at *5 (S.D.N.Y. Dec. 21, 2015).  It is "unnecessary" to decide whether the

Second Circuit's view of *res judicata* or the Ninth Circuit's controls, "as both Circuits agree on the key point, that a dismissal for failure to state a legally sufficient claim for relief under Rule 12(b)(6) serves as a final judgment on the merits for claim preclusion purposes." *First Reliance Standard Life Ins. Co. v. Giorgio Armani Corp.*, 2020 WL 3000385, at *2 (S.D.N.Y. June 4, 2020).

The underlying principles are clear. In federal court, "the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 460 F. Supp. 3d 481, 497 (S.D.N.Y. 2020) (quoting *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015)).  And a dismissal for failure to state a claim is a paradigmatic "final judgment on the merits" for *res judicata* purposes.  *See, e.g.*, *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *Jefftex Int'l Ltd. v. JPI Trading Corp.*, 2009 WL 750198, at *2 (S.D.N.Y. Mar. 20, 2009), *aff'd*, 369 F. App'x 303 (2d Cir. 2010).

Amarte had multiple opportunities to plead claims against these Defendants in the California Litigation.  Judge Breyer, with the benefit of full briefing of the issues and familiarity with the long-running trademark dispute, issued a well-reasoned decision rejecting those claims on the merits, with prejudice.  The import of Judge Breyer's order is clear and final: the claims at issue are dead in the water and may not be revived.  There can be no dispute that the Northern District of California is a "court of competent jurisdiction," *i.e.*, "a court with the power to adjudicate the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91–92 (2017).

### 2.   The Causes of Action are the Same.

For *res judicata* purposes, the claims asserted in the FAC are the "same" as those rejected in the California Orders.  Amarte's FAC need not assert precisely the same legal theories and facts; rather, *res judicata* applies so long as the "same transaction or connected series of

transactions is at issue." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 289 (2d Cir. 2000) (citation and emphasis omitted).

That test is easily met here. Both the California Litigation and the FAC are directed to claims that Defendants sold MJB Eye-Conic eye shadow that allegedly infringed Amarte's Eyeconic trademark. (*Compare* Cal. Litig., ECF No. 66-1, ¶ 38 & ECF No. 73-1, ¶ 32 (defining infringing goods) with FAC, ¶¶ 29, 47 (same infringing goods); *see supra* at Section II.B.)  Both cases allege substantially identical causes of action, namely, trademark claims under the Lanham Act and related claims under state law.  (*Compare* Cal. Litig., ECF No. 66-1, ¶¶ 66–100 & ECF No. 73-1, ¶¶ 59–93 (trademark infringement and unfair competition (15 U.S.C. §§ 1114(1), 1125(a)), with related state law claims) *with* FAC, ¶¶ 56–100 (federal claims for trademark infringement, counterfeiting, and unfair competition (15 U.S.C. §§ 1114(1), 1125(a)), with related state law claims).)

The slight variation in state law causes of action makes no difference; Amarte's trademark-based claims under California law and New York law are "substantially congruent" with the federal Lanham Act claims.  *Grupo Gigante SA de CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004); *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 301 (E.D.N.Y. 2014) ("Courts employ substantially similar standards when analyzing claims for trademark infringement" under federal law and New York law).

But that's not all: here, the two "unique" claims Amarte purports to bring, counterfeiting under the Lanham Act and New York § 349 Unfair Competition, involve the same alleged trademark violations.  Regardless, they are subject to dismissal under Rule 12(b)(6) based on other pleading deficiencies.  (*See infra* at VI.B.)  With those claims properly disregarded, the causes of action are virtually identical.  To allow this action to proceed would defy the core

purpose of *res judicata*, which is to "limit[] a party's ability to bring multiple suits over one transaction or series of transactions." *Mahmood v. Rsch. in Motion Ltd.*, 905 F. Supp. 2d 498, 502 (S.D.N.Y. 2012), *aff'd*, 515 F. App'x 891 (Fed. Cir. 2013). Amarte cannot assert claims in this forum that have already been rejected with prejudice in the California Litigation.

### 3. The Parties Are Identical Or In Privity.

#### a. The JCP, YNAP, PBD, and Bergdorf Parties Are Identical.

The California Orders directly addressed, and rejected, Amarte's attempts to assert trademark infringement and related claims against Defendants JCP, YNAP, PBD, and Bergdorf. *See* Section II.C.1–2, *supra*. Those parties are identical. (*Compare* Cal. Litig., ECF No. 66-1, ¶ 16 (Bergdorf) & ECF No. 73-1, ¶¶ 8 (PBD), 9 (JCP), 10 (YNAP), *with* FAC, ¶¶ 3 (Bergdorf), 6 (YNAP), 7 (JCP), 8 (PBD).)

#### b. The TJX Parties Are In Privity.

As explained in Section II.C.3, *supra*, TJX is—and has been *for decades*—the legal successor for TJM, which no longer exists after it was merged into TJX as part of a series of mergers beginning in the 1980s. There can be no dispute that "[a] successor by merger is in privity with its corporate predecessor for *res judicata* purposes." *Levin v. Chase Manhattan Bank Corp.*, 1999 WL 669261, at *1 (E.D.N.Y. Aug. 24, 1999) (citing *In re Teltronics Servs., Inc.*, 762 F.2d 185, 191 (2d Cir. 1985) (same)).

Amarte cannot avoid application of *res judicata* by strategically naming TJX's predecessor, TJM, instead of TJX. Indeed, Amarte's gamesmanship here is self-evident, as it now pleads against TJM the <u>*very same conduct*</u> it previously asserted against TJX, *i.e.*, the alleged sale of "Infringing Goods" through tjmaxx.tjx.com and through T.J. MAXX stores. (*Compare* Cal. Litig., ECF No. 73-1, ¶¶ 33, 44, *with* FAC, ¶¶ 30, 33–34 (same allegations against TJM).)

This same conclusion also applies with respect to Marshalls, which is wholly owned by TJX. (*See* Section II.C.3, *supra*.)  It is well established that a "wholly-owned subsidiary" of a parent company is "in privity with its parent." *JSC Sec., Inc. v. Gebbia*, 4 F. Supp. 2d 243, 251 (S.D.N.Y. 1998) (citing *Teltronics Servs., Inc. v. Hessen,* 762 F.2d 185, 191–92 (2d Cir.1985)); *Harding v. Paramount Pictures*, 2013 WL 174401, at *7 (S.D.N.Y. Jan. 16, 2013), *adopted*, 2013 WL 1285423 (S.D.N.Y. Mar. 28, 2013).  Indeed, all that is required to show "privity" in this context is a "sufficiently close relationship with a defendant in the prior action to support preclusion."  *Kraus USA, Inc. v. Magarik*, 2019 WL 4744772, at *4 (S.D.N.Y. Sept. 30, 2019). This "close relationship" is evident from Amarte's own FAC, which treats TJM and Marshalls as intertwined entities, asserting their alleged infringement together (FAC, ¶¶ 33–34), rather than separately, as it treats the other Defendants. (*See id*., ¶¶ 31–32, 35–40).  In sum, the TJX Defendants here are the same as, or a privy of, TJX in the California Litigation.

### B. Amarte Fails to State "New" Claims for Counterfeiting or Section 349.

Amarte may seek to avoid *res judicata* by arguing that its FAC asserts "new" claims for trademark counterfeiting (Count II) and violation of New York's § 349 Unfair Competition law (Count IV).  As an initial matter, both claims are based on the same set of facts, namely, purported violations of the Eyeconic eye cream trademark through sales of MJB Eye-Conic eye shadow.  Therefore, they are barred by *res judicata*.  (*See supra* at IV.A.2.)  Regardless, even if the doctrine did not apply, Amarte has failed to state a claim under either count.

#### 1. Amarte Fails to Allege a Counterfeiting Claim.

Counterfeiting is "hard core" or "first degree" trademark infringement "that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).

Accordingly, "courts have uniformly applied this provision to products that are *stitch-for-stitch copies* of those of another brand." *Id.* (emphasis added).

This case is not about knock-off Rolex watches sold in Times Square. Instead, it is at best a related-goods case involving Amarte's Eyeconic anti-aging eye cream versus Defendants' MJB Eye-Conic eye shadow. A picture is worth 1000 words, and Amarte's FAC shows that the products do not look anything alike. (FAC, ¶ 47.) This is not a counterfeiting case. Not surprisingly, Amarte did not bother to attempt to allege counterfeiting in the California Litigation. (*See generally* Cal. Litig., ECF Nos. 1, 66-1, 73-1.)

This Court has noted that "product similarity" is a relevant factor in the Second Circuit. *Wenger S.A. v. Olivet Int'l, Inc.*, 2024 WL 36864, at *2 (S.D.N.Y. Jan. 3, 2024) (Subramanian, J.). Courts have declined to find counterfeiting where the goods, while possibly infringing, differ from the plaintiff's. *Audemars Piguet Holding S.A. v. Swiss Watch Intern.*, Inc., 2015 WL 150756, at *2–3 (S.D.N.Y. Jan. 12, 2015) ("[d]efendants' watches infringe on [p]laintiffs' registered trade dress" but "do not counterfeit it" because not "substantially indistinguishable"); *GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457, 471 (S.D.N.Y. 2011). Counterfeiting "is essentially an extreme case of trademark infringement." *Audemars Piguet*, 2015 WL 150756, at *3.

Courts have dismissed counterfeiting claims under Rule 12(b)(6) where the goods are so dissimilar that the claims fail as a matter of law. For example, in *Illinois Tool Works Inc. v. J-B Weld Co., LLC*, 469 F. Supp. 3d 4, 10 (D. Conn. 2020), the court dismissed a counterfeiting claim, even though the marks were "identical" words, because "it [wa]s not plausible to conclude that average consumers would buy [defendant]'s product and think they got [plaintiff]'s product"

given the "dramatic differences in the products' appearance, from their distinct house marks, differing color schemes, differing sizes, and, above all, very different dispensing mechanisms."

As shown in photos of the products Amarte included in its own FAC, *see supra* at 1, it would be abundantly obvious to an average purchaser that the colorful eye shadow sold in sleek rearview mirror-shaped packaging bearing the MARC JACOBS house mark (and the hyphenated Eye-Conic spelling) is not a stitch-for-stich copy of the white cylindrical tube of Eyeconic eye cream bearing the AMARTE house mark.  *Illinois Tool Works*, 469 F. Supp. 3d at 10 (no counterfeiting where the "only visual similarity" is the products' "near-identical name"); *see also Kelly-Brown v. Winfrey*, 717 F.3d 295, 314–15 (2d Cir. 2013) (affirming dismissal of counterfeiting claim where consumers "would recognize the differences between [plaintiff]'s and the defendants' representations of the words 'Own Your Power' from a cursory visual inspection"); *One Hanover, LLC v. Witkoff Group LLC*, 2023 WL 3304026, *4 (S.D.N.Y. 2023) (dismissing counterfeiting claim); *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 468 (S.D.N.Y. 2017) (no counterfeiting where "none of [defendant]'s products used the *exact* same name as [plaintiff's] product; nor did they possess the same—or a 'substantially indistinguishable'—combination of colors, designs, and shapes.").

Amarte's half-hearted attempt to avoid *res judicata* through this frivolous counterfeiting claim fails.  Amarte's federal counterfeiting claim (Count II) should be dismissed.

### 2.  Amarte Fails to State a Claim Under Section 349.

It is well settled that trademark infringement claims are not cognizable under N.Y. Gen. Bus. Law § 349 unless "there is a specific and substantial injury to the public interest over and above ordinary trademark infringement." *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, 2015 WL 5008762, at *4 (S.D.N.Y. Aug. 24, 2015) (citation omitted); *see also Chanel, Inc. v. RealReal, Inc*., 449 F. Supp. 3d 422, 446–47 (S.D.N.Y. 2020) (granting defendant's motion to

dismiss because plaintiff did not adequately allege harm to the "public at large."). Amarte's

Section 349 count merely alleges harm to "Amarte's rights," not harm to the general public.

(FAC, ¶ 82.) "Claims that arise out of a trademark infringement action, and disputes between

competitors where the core of the claim is harm to another business as opposed to consumers,

both constitute situations which courts have found to reflect a public harm that is too

insubstantial to satisfy the pleading requirements of § 349." *Gucci America, Inc. v. Duty Free*

*Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); *Walker Wear LLC v. Off-White LLC*,

624 F. Supp. 3d 424, 432 (S.D.N.Y. 2022) (granting defendants' motion to dismiss Section 349

claim). Amarte's Section 349 claim (Count IV) should be dismissed.

### C. Amarte Fails to Plausibly Allege that TJX, JCP, or PBD Are Subject to Personal Jurisdiction in this Forum.[6]

"In analyzing the minimum contacts requirement, courts have distinguished between two

bases for personal jurisdiction: specific jurisdiction and general jurisdiction." *Johnson*, 791 Fed.

App'x at 242. General jurisdiction over a corporate defendant exists where its "affiliations with

the State are 'so continuous and systematic' as to render [it] essentially at home in the forum

State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is considered "essentially

at home" in the state where it is incorporated or the state where it has its principal place of

business. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

Specific personal jurisdiction, by contrast, "subjects a defendant to suit only on claims

that arise out of or relate to the defendant's conduct in the forum state." *DeCoursey v. Murad,*

*LLC*, 2023 WL 3478459, at *5 (N.D.N.Y. May 16, 2023). Amarte's FAC does not contain any

---

[6] For the purposes of this Motion, Bergdorf and YNAP concede that they are subject to personal jurisdiction in this forum.

plausible, non-conclusory allegation that JCP, PBD, or TJX advertised, marketed, promoted, or sold MJB Eye-Conic eye shadow in the State of New York, and therefore cannot establish that they are subject to either form of personal jurisdiction.

### 1. Amarte Fails to Plead that JCP is Subject to Personal Jurisdiction.

Amarte's FAC pleads that JCP is a Virginia limited liability company.  (FAC, ¶ 7.) Amarte further alleges that JCP has corporate offices and retail store locations in New York. (*Id.*)  But, Amarte carefully does not plead that JCP's principal place of business is in New York. That is because Amarte cannot make such a representation; JCP is headquartered and has its principal place of business in Plano, Texas.[7]  Amarte has not pleaded allegations sufficient to establish that JCP is subject to general jurisdiction in New York.

Nor has Amarte established specific jurisdiction: the sole specific allegation regarding JCP's alleged advertising, marketing, promoting, or sale of MJB Eye-Conic is a non-party Marc Jacobs Beauty Facebook post dated July 1, 2017, stating that the product will be "[i]n stores 7/27 from Sephora inside JCPenney."  (*Id.*, ¶ 32.)  This screenshot does not demonstrate any connection to New York.  Amarte's FAC is devoid of any allegation that JCP ever sold or advertised the product for sale in New York.  Amarte has failed to plead specific jurisdiction.

### 2. Amarte Fails to Plead that PBD is Subject to Personal Jurisdiction.

Amarte's FAC pleads that PBD is incorporated in the State of Delaware.  (FAC, ¶ 8.) Amarte also alleges that PBD's principal place of business is located in New York.  (*Id.*) However, PBD's principal place of business is in Santa Monica, California.[8]  Amarte knows

---

[7]  JCP's corporate website discusses its headquarters as being located in Plano.  *See* https://corporate.jcpenney.com/2023/07/20/jcpenney-corporate-headquarters-return-to-campus-at-legacy-west-in-plano/.

[8]  "Any notice to IPSY must be given by postal mail to Personalized Beauty Discovery, Inc., Attention: Legal Department, 903 Colorado Ave, Santa Monica, CA 90401."  *See*

PBD's principal place of business is in California.  In the California Litigation, Amarte alleged that "PBD . . . [has] *a principal place of business at 201 Baldwin Ave San Mateo, California 94401*" (Cal. Litig., ECF No. 73-1, ¶ 8) (emphasis added).[9]  The New York address listed in the FAC appears to be a WeWork co-working location, which can hardly be suggested to be a principal place of business. Amarte has not pleaded allegations sufficient to establish that PBD is subject to general jurisdiction in New York.

Similarly, Amarte cannot plead specific jurisdiction.  Amarte alleges, in part, that "PBD has advertised, marketed, promoted, sold and/or has offered for sale the Infringing Goods . . . in its retail stores nationwide, including retail stores in this judicial district."  (FAC, ¶¶ 39–40.) PBD is an online retailer and reseller.[10]  PBD does not have *any* retail stores in the United States, let alone in New York specifically.  Again, Amarte knows this as well.  Its allegations against PBD in the California Litigation were limited to allegedly infringing activity "through its commercial and interactive website," and did not refer to any physical retail stores.  (Cal. Litig., ECF No. 73-1, ¶ 19.)

Amarte also provides a screenshot of PBD's website showing the MJB Eye-Conic eye shadow.  (FAC, ¶ 40.)  There is no indication from the screenshot or the link that the product is available for purchase.  Rather, the screenshot and the link state "Get the Glam Bag to receive product *like this* monthly."  (*Id*. (emphasis added).)  There is no indication that MJB Eye-Conic was *actually* sold by PBD in New York or that it is still available for sale.  The FAC also

---

https://www.ipsycorporate.com/terms-and-conditions.  PBD does business as IPSY, as shown by the PBD copyright on the bottom of the IPSY website.  *Id*.

[9] While this specific address is incorrect, it nonetheless shows Amarte's knowledge of PBD's principal place of business in California.

[10] PBD's website describes itself as "a monthly surprise in the mail" and a "beauty subscription service that delivers a set of personalized beauty products straight to your door."  *See* https://www.ipsy.com/blog/what-is-ipsy-and-how-does-it-work-faq.

contains a screenshot from a September 6, 2020 YouTube video by a user named Brenda Couture.  (*Id.*)  This user purportedly wrote there were "swatches of the Frivoluxe and Provocouture Eye Shadow Palettes from Marc Jacobs Beauty that I picked up from the recent Boxy Charm Pop-Up Sale."  (*Id.*)  This post was not made by PBD, Amarte offers no independent basis to confirm its accuracy, and it demonstrates no connection to New York.

### 3.  Amarte Fails to Plead that TJX is Subject to Personal Jurisdiction.

As a threshold matter, there was no valid service on TJM because it no longer exists. *See Ortiz v. Wagstaff*, 523 F. Supp. 3d 347, 355 (W.D.N.Y. 2021) (adequate service is a prerequisite to exercise of personal jurisdiction).  TJM was dissolved in 1987.  (*See supra* at II.C.3.)

Nor is there general jurisdiction over TJX in New York.  Amarte pleads that TJM and Marshalls are both incorporated in the State of Massachusetts.  (FAC, ¶¶ 4–5.)  The proper party, TJX, is incorporated in Delaware.  (*See supra* at II.C.3.)  TJX's, and by extension Marshall's, principal place of business is in Massachusetts.[11]  TJX, therefore, is not "at home," and is not subject to general jurisdiction, in New York.

To attempt to establish specific jurisdiction, Amarte provides links and screenshots of miscellaneous social media posts purporting to show that the TJX Defendants sold the MJB Eye-Conic product. (FAC, ¶¶ 32–34.)  The first post, made on non-party Marc Jacobs Beauty's Facebook page, makes no reference at all to TJX.  (*Id.*, ¶ 32.)  The remaining posts are from a series of social media accounts from persons who claim to have purchased MJB Eye-Conic— Instagram posts by users nancy51983, trendmood1, and danis.vanity (*id.*, ¶ 34); YouTube user Kacey Nicole (*id.*); and Reddit users pictureperfectpeople and Beautiful-Pear-5563 (*id.*).

---

[11]  TJX's corporate website lists its company headquarters in Massachusetts.  *See* https://www.tjx.com/contact.

Critically, <u>none</u> of these cited posts were from TJX Defendants' corporate accounts, and Amarte offers no independent basis to confirm the accuracy of these posts.

But even if the Court assumes these old posts reflected accurate information, <u>none</u> demonstrated any connection to New York.  The October 27, 2021 post by Instagram user nancy51983 showed a picture of MJB Eye-Conic, and described it as "New Finds at TJMAXX," with no reference to the state in which the product was found.  (*Id.*)  The January 13, 2022 post by Instagram user trendmood1 similarly had no location information, merely captioning the post: "#Spotted [ ] in stores! #tjmaxx #marhsalls Unreleased Eyeshadow Palette [ ] #marcjacobsbeauty."  (*Id.*)  The December 13, 2018 post by Instagram user danis.vanity reads "SWIPE for @marshalls FINDS" and showed a photo of MJB Eye-Conic, but it contained no information where the product was found.  (*Id.*)  The August 21, 2018 YouTube video by Kacey Nicole was titled "MAKEUP I FOUND AT MARSHALLS | BRAND NAME? | TRY ON HAUL," with no identification of the purchase location.  (*Id.*) Finally, the October 25, 2021 Reddit post by pictureperfectpeople stated that the user "Just picked up this MJ palette at TJ Maxx," but did not show any connection to New York. (*Id.*)  None of these social media posts established any connection between the TJX Defendants' purported sales of MJB Eye-Conic and New York.

### 4. Amarte Cannot Establish Specific Jurisdiction Based on Websites.

Amarte generically alleges that each Defendant "has advertised, marketed, promoted, sold and/or has offered for sale the Infringing Goods bearing the Infringing Mark on the [Defendant's] Websites" (FAC, ¶¶ 33, 37, 39.)  This shotgun pleading approach is inappropriate. To the extent Amarte is attempting to argue that Defendants' websites, presumably visible to New York residents, is sufficient to give rise to specific jurisdiction, such an argument fails.

A recent case from this district is instructive.  In *Davey v. PK Benelux B.V.*, 2022 WL 1289341 (S.D.N.Y. Apr. 29, 2022), the plaintiff argued that the court had personal jurisdiction because the defendant transacted business in New York through its interactive website.  *Id*. at *3. The court, however, found that more was required.  The plaintiff offered no evidence that the defendant's website operated to "purposefully avail itself of the privilege of conducting activities within New York."  *Id*. at *4 (internal brackets omitted).  The court further explained that there was no evidence that the website "specifically targets New Yorkers, or is aimed at New York users" and that the plaintiff did not show any "efforts by defendant to reach the New York market, such as targeted ads or tailored products, or evidence of significant transactions in New York."  *Id*. at *3–4.  The same result is compelled here.  Amarte's FAC contains no allegation that Defendants (and their websites) specifically targeted sales of the allegedly infringing products to the New York market.  There are no allegations that any Defendant made a single sale of the accused product to a New York resident, let alone evidence of "significant" transactions.  Amarte cannot rely on Defendants' websites, without more, as a basis for jurisdiction.

## V.      CONCLUSION

Amarte brought this FAC in defiance of the California Order, asserting claims against Defendants that were dismissed with prejudice.  Under the doctrine of *res judicata*, Amarte's FAC should be dismissed as to all Defendants.  Its "new" trademark-based claims area merely repackaged statements of the now-dismissed claims, and they are deficient as a matter of law. Finally, Amarte has also failed to sufficiently allege personal jurisdiction in New York over JCP, PBD, or TJX.  Defendants respectfully request the Court to grant its motion to dismiss.

Dated:  March 15, 2024                        Respectfully Submitted,

_/s/ Thomas M. Williams_            
Robert E. Shapiro (NY Bar No. 5730528)
Thomas M. Williams (admitted _pro hac vice_)
 *Lead Trial Counsel
Connor T. Gants (admitted _pro hac vice_)
Carmel I. Dooling (admitted _pro hac vice_)
BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Ph: (312) 984-3100
Fx: (312) 984-3150
rob.shapiro@bfkn.com
tom.williams@bfkn.com
connor.gants@bfkn.com
carmel.dooling@bfkn.com
**_Attorneys for Defendants Bergdorf Goodman
LLC, T.J. Maxx, Inc., Marshalls of MA, Inc.,
YNAP Corporation, Penney OpCo LLC, and
Personalized Beauty Discovery, Inc._**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, states that on March 15, 2024, he caused a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) and 12(B)(2) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT to be served upon all counsel of record electronically by ECF filing within the United States District Court, Southern District of New York.


Dated: March 15, 2024                              */s/ Thomas M. Williams*_____