UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARTE USA HOLDINGS, INC., <br><br>        Plaintiff, <br><br>-against- <br><br>BERGDORF GOODMAN LLC et al., <br><br>        Defendants. | 24-cv-883 (AS) <br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Amarte USA Holdings, Inc. brought this case against Defendants Bergdorf Goodman LLC, TJ Maxx Inc., Marshalls of MA, Inc., YNAP Corporation, Penney OPCO LLC (JCP), and Personalized Beauty Discovery Inc. (PBD).[1] Amarte sued under the Lanham Act and New York law alleging that Amarte owns the trademark "EYECONIC," and Defendants sell Marc Jacobs eyeshadow that is illegally branded with the term "EYE-CONIC."

After Defendants moved to dismiss, Amarte filed a motion seeking leave to file a second amended complaint. The proposed second amended complaint again brings claims against Bergdorf, Marshalls, YNAP, JCP, and PBD. The proposed amendment contains two main differences. First, Amarte now seeks to bring claims against Marmaxx Operating Corporation instead of TJ Maxx Inc. Second, Amarte wants to add claims related to the use of the term "EYECONIC" on two new products: Luxie (allegedly sold by PBD) and MZ Skin (allegedly sold by YNAP and Bergdorf). *See* Dkt. 75-1. And the proposed complaint also seeks to add claims related to the use of the "TM" symbol on the MZ Skin product.

As relevant background here, Amarte has trademark-infringement claims pending in California against various entities (none of whom is a party to this case) relating to the EYE-CONIC eyeshadow. *See Amarte v. Kendo*, et. al, No. 3:22-CV-8958 (N.D. Cal.) ("*Amarte I*"). On July 17, 2023, Amarte sought leave to amend to add new defendants in the California litigation. *Id.*, Dkt. 66. Those defendants included four of the defendants in this case: Bergdorf, PBD, JCP, and YNAP. Another company called The TJX Companies, Inc. was also one of the proposed defendants. (According to Defendants, the TJ Maxx Inc. defendant in this case no longer exists because it was merged into The TJX Companies, Inc., the proposed defendant in California. *See* Dkt. 61 at 6.) The California court denied Amarte's motion without prejudice. *Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, 2023 WL 5418732, at *3 (N.D. Cal. Aug. 21, 2023).

---

[1] Amarte brought claims against Voxpop, Inc. in its first complaint, but it dropped those claims in the amended complaint. Dkt. 43. Amarte also brought claims against Eau De Luxe, Ltd., which it later voluntarily dismissed. Dkt. 56.

On August 29, 2023, Amarte again moved to add PBD, JCP, YNAP, and The TJX Companies, Inc. as defendants to the case. *Amarte I*, Dkt. 73. It did not seek to add Bergdorf. This time, the motion was denied with prejudice. *Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, 2023 WL 8420896, at *8 (N.D. Cal. Dec. 4, 2023). The California court held that "Amarte's proposed allegations are insufficient to plausibly allege infringement by the Proposed Defendants, and thus its proposed amendment would be futile." *Id.* at *7.

After Amarte filed this case, the defendants in the California litigation asked the California court to enjoin Amarte from filing or maintaining this lawsuit. *Amarte I*, Dkt. 131. The court denied the motion, stating that it was for this Court to decide whether this case should move forward. *Amarte I*, Dkt. 170.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In deciding a motion to dismiss, well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in the non-movant's favor. *Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). While detailed factual allegations are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—[leave to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)).

## DISCUSSION

### I. Motion to dismiss

At the outset, the Court declines to consider the arguments Defendants raise with respect to TJ Maxx Inc. since Amarte drops TJ Maxx Inc. as a defendant in its proposed second amended complaint. The Court will consider arguments related to the new proposed defendant, Marmaxx, in evaluating whether to grant leave to amend.

#### A. Claim preclusion

##### i. Claims against PBD, JCP, and YNAP

Amarte's claims against PBD, JCP, and YNAP are dismissed because they are barred by claim preclusion, *i.e.*, res judicata. "The doctrine of *res judicata* 'bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)).

With respect to PBD, JCP, and YNAP, all these requirements are met. First, the California court was a court of competent jurisdiction. Second, the claims involved the same parties: PBD, JCP, and YNAP are the exact same defendants as those Amarte sought to add in the California litigation. Amarte says the parties are different because only Kendo, Marc Jacobs, Sephora, and Neiman Marcus are defendants in the California litigation. But this misses the point. The judgment at issue is a ruling on Amarte's request to add new defendants—namely, PBD, JCP, and YNAP. So they are the relevant parties for claim preclusion analysis. *See Carter v. City of New York*, 2012 WL 1034914, at *2–3 (S.D.N.Y. Mar. 23, 2012) (claim preclusion applies even though "Melton is not named in the amended complaint in *Carter I*," because "she was named in that action's proposed but rejected second amended complaint").

Third, the denial of leave to amend was a final judgment on the merits. With respect to the federal claims against PBD, JCP, and YNAP, the California court denied leave to add the defendants with prejudice based on futility. *See Amarte*, 2023 WL 8420896, at *7 ("Amarte's proposed allegations are insufficient to plausibly allege infringement by the Proposed Defendants, and thus its proposed amendment would be futile."). A "denial of leave to amend *on the merits* precludes subsequent litigation of the claims in the proposed amended complaint." *Carter*, 2012 WL 1034914, at *3 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (holding that there was no claim preclusion when leave to amend was denied on a "procedural ground"—*i.e.*, untimeliness)). And a "denial of leave to amend on grounds of futility, based on an evaluation that the new allegations could not survive a motion to dismiss, is a judgment on the merits." *Id*. Here the denial of leave to amend has preclusive effect since it was based on futility.[2]

And finally, the claims at issue are the same as the ones that Amarte sought to bring against PBD, JCP, and YNAP in the California litigation. Here and in California, Amarte has sought to bring federal trademark-infringement claims and related state-law claims based on PBD's, JCP's, and YNAP's alleged sale of a product that supposedly infringes on Amarte's EYECONIC trademark. While the state-law claims at issue here are under New York law, rather than California law, they all arise from the same infringing conduct. This alone is sufficient to find that the claims are the same for claim-preclusion purposes. *In re JPMorgan Chase Derivative Litig.*, 2018 WL 2305564, at *5 (S.D.N.Y. May 21, 2018). Plus, the New York law claims here apply largely the same standard as the Lanham Act claim that Amarte tried to bring in California. *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008) ("The pleading standards under the Lanham Act and section 349 of the New York General Business Law are substantially the same." (internal quotation marks omitted)); *Gayle v. Larko*, 2019 WL 4450551, at *2 (S.D.N.Y. Sept. 17, 2019) ("New York common law claims for trademark infringement and unfair

---

[2] Amarte does not argue that the California court's decision was not a "final judgment" on grounds that the litigation is still ongoing and no appeal has been taken yet. Instead, Amarte just says that the California court's decision was not "on the merits." Dkt. 66 at 14–16. In any event, "final judgment" for claim preclusion purposes does not bear the same meaning as it does in other contexts. *See, e.g., Palmer-Williams v. United States*, 699 F. App'x 1, 3 (2d Cir. 2017) ("[P]reclusive effect of a judgment is immediate, notwithstanding a pending appeal").

competition mirror the Lanham Act."). Amarte says that some of the infringing behavior occurred after the proposed complaint in the California litigation. Dkt. 66 at 16. But Amarte appears to be referring to claims based on the sale of Luxie and MZ Skin products, which are discussed below.

Amarte has also sought to bring counterfeiting claims in this action under both federal and state law. All the counterfeiting allegations are based on the same conduct as the infringement claims. Specifically, Amarte says that PBD, JCP, and YNAP are liable for counterfeiting based on their "use of the spurious EYE-CONIC Mark in connection with eye cosmetics product." Am. Compl. ¶ 67. Since claim preclusion attaches "not only as to what was pleaded, but also as to what could have been pleaded," these counterfeiting claims are also barred. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 193 (2d Cir. 1985).

### ii.  Claims against Bergdorf

The California litigation does not preclude this action against Bergdorf, however, because the claims against Bergdorf were not dismissed on the merits in California. As explained above, the California court denied Amarte's request for leave to add Bergdorf as a defendant, but only denied Amarte's motion *without prejudice*. Defendants say this is nevertheless a ruling on the merits because Amarte failed to replead and therefore waived its right to do so. Dkt. 61 at 5. But the cases Defendants cite are related to a party failing to amend and thus waiving the right to do so *in the same lawsuit. See DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *Andrews v. Sony/ATV Music Publ'g, LLC*, 2017 WL 770614, at *8 (S.D.N.Y. Feb. 24, 2017). "[A] dismissal without prejudice has no res judicata effect on a subsequent claim," as is the case here. *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996).

### iii.  Claims against Marshalls

There is also no claim preclusion as to Amarte's claims against Marshalls. As a reminder, Amarte sought to add The TJX Companies as a defendant in California and the court denied Amarte's motion with prejudice. *Amarte*, 2023 WL 8420896, at *5–8. Defendants say Marshalls is a wholly-owned subsidiary of The TJX Companies. Based on this corporate relationship, Defendants argue that claims against Marshalls should be dismissed because Marshalls is in privity with The TJX Companies and there was a final judgment against The TJX Companies in California.

But the claims against Marshalls here are not the same as the claims brought against The TJX Companies in California. Specifically, Amarte argued in California that The TJX Companies was individually liable for its own sales of infringing goods on its website and in TJ Maxx stores. Amarte's claims were not premised on The TJX Companies' liability as the parent company to Marshalls or as Marshalls' alter ego. Indeed, Marshalls was not even mentioned in the proposed complaint that Amarte filed in California. *See generally Amarte I*, Dkt. 73-1. Here, Amarte claims that Marshalls is liable for its own sales on its website and in its stores. So the claims that were raised in California are not the same ones that are raised here.

4

B. <u>Counterfeiting</u>

Under the Lanham Act, a "'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. "In assessing whether a defendant has engaged in counterfeiting, one does not compare the plaintiff's mark and the defendant's allegedly counterfeit mark in the abstract; rather, one considers how the marks appear to consumers in the marketplace. This entails looking to the overall presentation and appearance of the goods on which the marks are used to determine whether the defendant has in fact attempted to pass its goods off as the plaintiff's." *Fujifilm N. Am. Corp. v. PLR IP Holdings, LLC*, 2019 WL 274967, at *4 (S.D.N.Y. Jan. 7, 2019) (cleaned up).

Here, the marks differ only by use of a dash between "EYE" and "CONIC." Defendants argue that despite this minor difference, there was no counterfeiting as a matter of law because the products are so different that no reasonable consumer could be confused simply because of the similarity between the marks. While Defendants may be correct, this is an argument better left for summary judgment where there will be a full factual record relevant to establishing consumer confusion. So these claims will go forward against Bergdorf and Marshalls.

C. <u>General Business Law § 349</u>

Amarte brings a GBL § 349 claim. "The type of violation generally contemplated by [section 349] involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, 2015 WL 5008762, at *3 (S.D.N.Y. Aug. 24, 2015) (internal quotation marks omitted). "A non-consumer plaintiff bringing a claim under Section 349 must allege that the defendant's actions harmed consumers or the public interest in a material respect." *BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 408 F. Supp. 3d 508, 523 (S.D.N.Y. 2019) (cleaned up). "Thus, trademark infringement claims are not cognizable under § 349 unless there is a specific and substantial injury to the public interest over and above the ordinary trademark infringement." *Id.* (internal quotation marks omitted); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003).

Defendants say this claim should be dismissed because Amarte has not alleged a specific and substantial injury to the public. The Court agrees. Amarte alleges in a handful of places throughout its complaint that Defendants' use of the mark "is likely to cause confusion or mistake, or to deceive consumers." Am. Compl. ¶¶ 61, 74; *see also* ¶¶ 63, 74, 76, 78, 88. Such generalized and conclusory allegations of confusion are not sufficient to state a claim under § 349. *See, e.g.*, *Walker Wear LLC v. Off-White LLC*, 624 F. Supp. 3d 424, 432 (S.D.N.Y. 2022) ("Plaintiff alleges that Defendants' unauthorized use of the Marks 'already has caused multiple instances of actual confusion.' This assertion is insufficient to support a claim under Section 349." (citation omitted)).

II. **Leave to amend**

At the outset, Amarte's request for leave to amend is denied to the extent it seeks to assert claims against YNAP, JCP, and PBD related to their alleged sale of EYE-CONIC eyeshadow. As

explained above, these claims are barred by the doctrine of claim preclusion, so leave to amend would be futile. Leave to amend is granted to the extent that Amarte seeks to bring such claims against Marshalls and Bergdorf because there is no basis for preclusion with respect to those defendants.

### A. Marmaxx

Leave to amend is denied as to Marmaxx. One obvious issue with adding Marmaxx as a defendant is that the Marmaxx entity may or may not have any relationship to this case. Defendants say that the entity "has no connection to TJX or to Marshalls or T.J. Maxx stores." Dkt. 81 at 7. Defendants say that Amarte likely meant to add a different company with a similar name (Marmaxx Operating Corp.) since that entity is actually "part of the TJX corporate family." *Id.* In its reply brief, Amarte seems to admit that it is unsure which entity it should sue and requests "a Rule 30(b)(6) deposition of TJX … to determine whether Marmaxx NY and/or Marmaxx Va is the proper entity to be named as a Defendant in this lawsuit, or alternatively, permission to add Marmaxx Va as a Defendant with Marmaxx NY." Dkt. 84 at 5.

But putting this potential defect aside, leave to amend would be futile because the claims are barred by claim preclusion. In California, Amarte sought to amend its complaint to add The TJX Companies Inc. as a defendant. The proposed complaint alleged that The TJX Companies was "using or have used Defendants' EYE-CONIC Mark in connection with the Infringing Goods on the website[] … tjmaxx.tjx.com." *Amarte I*, Dkt. 73-1 ¶ 32. Amarte also said that "TJX has advertised, marketed, promoted, sold and/or has offered for sale the Infringing Goods bearing Defendants' EYE-CONIC Mark on the TJX Website and on information and belief, its retail stores located in California." *Id.*, Dkt. 73-1 ¶ 44. Leave to amend was denied with prejudice. *Amarte,* 2023 WL 8420896, at *8.

As already discussed, this prior dismissal with prejudice is on the merits. The claims are also the same: federal trademark claims and related state law claims based on the sale (both online at tjmaxx.tjx.com and in TJ Maxx stores) of makeup that allegedly infringed on Amarte's EYECONIC trademark. *See also* Dkt. 75-1 ¶ 28 ("Defendants have used the Infringing Mark in connection with the Infringing Goods, including on … tjmaxx.tjx.com."); ¶ 32 ("Defendants Marmaxx d/b/a TJM and Marshalls … have advertised, marketed, promoted, sold and/or have offered for sale the Infringing Goods bearing the Infringing Mark on the TJM Website and Marshalls Website … and in the respective retail stores nationwide, including retail stores in this judicial district.").

So the only question is whether the parties are the same or in privity with each other. In California, the proposed defendant was The TJX Companies, whereas in this litigation the proposed defendant is Marmaxx. But in both cases, Amarte was seeking to sue the company operating the TJ Maxx stores and the website tjmaxx.tjx.com. So no matter which Marmaxx entity is the correct defendant, that entity will be in privity with The TJX Companies, who already successfully defended against these claims in California. *Cf. Lacy v. West*, 85 F. App'x 254, 255 (2d Cir. 2004) (finding Secretary of Department of Veterans Affairs to be in privity with veterans

hospital-defendant in prior action, when plaintiff did not allege that the secretary "somehow independently wronged him," but only that the secretary "is liable by virtue of the conduct of the employees").[3]

Ultimately, Amarte seeks to do in New York what it could not do in California: sue the company operating the TJ Maxx website and TJ Maxx stores for alleged trademark violations based on sales of eyeshadow on the website and in stores.

### B. Luxie and MZ Skin

Defendants also argue that the Court should deny leave to amend to the extent that Amarte seeks to add claims related to Luxie or MZ Skin products. Defendants argue that those claims have nothing to do with Amarte's prior complaint and "Amarte is concocting differences to avoid *res judicata* related to MJB Eye-Conic." Dkt. 81 at 9. But the Court does not see this as a basis to deny leave to amend here. As Defendants concede, these claims do not raise claim-preclusion concerns because they were never raised in California and fall outside the scope of the California litigation. And while it is often appropriate to deny leave to amend where a plaintiff seeks to interject unrelated claims into an ongoing case, discovery in this case has not yet begun and expanding the scope of the case at this stage will not cause any undue delay.

Defendants also say that the counterfeiting claims should be dismissed because the products are too different to constitute counterfeiting. As explained above, the Court finds that this inherently fact-specific question is better left for summary judgment.

As to PBD specifically, Defendants argue that the Court should not permit leave to amend because Amarte has represented in the California proceedings that PBD did not sell the product (Luxie) in the United States. Dkt. 81 at 11. So Defendants argue that these claims are futile or otherwise raised in bad faith. The Court will not evaluate those assertions here, since doing so would require going well outside the pleadings. But Amarte is reminded of its Rule 11 obligations and Defendants may make a motion for sanctions if it becomes clear that Amarte is alleging facts it knows to be false.

Defendants also argue that PBD is not subject to personal jurisdiction in New York. According to Defendants, PBD "does not operate *any* retail stores in the United States," there is no proof that online sales were made to New York customers, and there are no allegations that "PBD engaged in any advertising or promotions of Luxie that were specifically targeted at the New York market." Dkt. 81 at 10. Amarte's proposed complaint says that PBD has been "selling infringing goods bearing the infringing trademark at issue to residents in New York," and has had

---

[3] Amarte also suggests throughout its complaint that Marmaxx does business as Marshalls. But Amarte has brought the same claims against Marshalls directly, which it alleges operates the Marshalls retail stores and website. Dkt. 75-1 ¶¶ 16, 33. Marshalls is a subsidiary of a wholly-owned subsidiary of The TJX Companies. Dkt. 58. So it would also be futile to bring claims against a parent company for the actions of the subsidiary, absent any relevant allegations such as veil-piercing. *See Standex Int'l Corp. v. QCP, Inc.*, 2017 WL 481447, at *5 (S.D.N.Y. Feb. 6, 2017) ("It is a basic rule of corporate law that parent corporations are not held liable for the acts of their subsidiaries.")

infringing goods delivered to residents in New York. Dkt. 75-1 ¶ 19. So on this basis, the Court finds that Amarte has made a *prima-facie* showing of jurisdiction. *Kaufhold v. Cyclopian Music, Inc.*, 2010 WL 5094630, at *4 n.3 (S.D.N.Y. Dec. 14, 2010) ("New York courts have found that selling merchandise through a website to New York residents is a transaction of business that may be sufficient to provide specific personal jurisdiction."); *Heritage Lace, Inc. v. Underwraps Costume Corp.*, 2019 WL 3858585, at *3 (S.D.N.Y. Aug. 16, 2019). Now that claims related to PBD's sale of EYE-CONIC eyeshadow have been dismissed, before filing an amended complaint, Amarte should ensure that it has a good faith basis to allege that PBD has been selling the *Luxie product* to New York residents.

Finally, Defendants say leave to amend should be denied with respect to Amarte's proposed false-advertising claims. These claims relate to the use of the TM symbol on the MZ Skin product. Defendants argue that use of the TM symbol is not actionable because it "is a statement of opinion, not fact," is not a statement "about a 'good or service'" and is not a statement that "relate[s] to the 'nature, characteristics or qualities of a product.'" Dkt. 81 at 13 (quoting 2 McCarthy on Trademarks and Unfair Competition § 19:148 (5th ed.)). This argument requires the Court to look at facts concerning the "TM" symbol that it cannot do at this stage of the case. Indeed, the one case that Defendants cite in support of their argument was a summary judgment decision where the court acknowledged that there was "no specific statutory authority that either authorizes the use of the TM symbol, limits its use, or states definitively what it does or does not convey to the public." *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 452 (E.D. La. 2011). The court instead assessed the meaning of the symbol by relying on USPTO documentation and the opinion of the defendant's experts. *Id.* Defendants may renew this argument at summary judgment, but the Court cannot properly evaluate it here.

## CONCLUSION

As explained above, Defendants' motion to dismiss is GRANTED in part and DENIED in part and Amarte's motion for leave to amend is GRANTED in part and DENIED in part. Amarte must file a second amended complaint that conforms with this order no later than **September 9, 2024**. By the same deadline, the parties should file a Proposed Civil Case Management Plan and Scheduling Order, which is available at https://nysd.uscourts.gov/hon-arun-subramanian.

The Clerk of Court is directed to terminate Dkts. 60 and 74.

SO ORDERED.

Dated: August 20, 2024
       New York, New York

                                                ARUN SUBRAMANIAN
                                                United States District Judge